UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 7:02-CR-0599-SLB-TMP-3 |
| DENNIS FRENCH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant's Unopposed and Time Sensitive Motion for an Amended Judgment Pursuant to the First Step Act of 2018. (Doc. 173.) Defendant Dennis French asks the court to amend his Judgment to reduce his total term of imprisonment from 240 months to time served to be followed by 8 years of supervised release. (*Id*. at 1.) The Government does not oppose the reduction in defendant's sentence. (*Id*. at 3.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Unopposed and Time Sensitive Motion for an Amended Judgment Pursuant to the First Step Act of 2018 is **GRANTED**.

In May 2003, Mr. French pled guilty to two counts of distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). For sentencing purposes, the court determined that Mr. French was accountable for 208.97 grams of crack cocaine. Under the laws at that time, these amounts of crack, plus an enhancement under 21 U.S.C. § 851, triggered a mandatory minimum of 20 years. Additionally, at that time, the base offense

level was 34 with a total offense level of 31 after a three-level reduction for acceptance of responsibility. Combined with his criminal history category of IV, Mr. French's advisory guideline range was 151 to 188 months in custody subject to the mandatory minimum of 240 months.

He was sentenced in December 2003 to 240 months (the mandatory minimum) on each count, to run concurrently, to be followed by 120 months of supervised release. (Doc. 60.)

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, Mr. French could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 . . . of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the

2

time the covered offense was committed."

According to Mr. French:

> 4. Pursuant to the First Step Act of 2018, Mr. French's mandatory minimum term of imprisonment decreases from 20 years to 10 years and his statutory term of supervised release decreases from a range of 10 years-life to 8 years-life. See 21 U.S.C. § 841(b)(1)(B); 21 U.S.C. § 960(b)(2)(C). Specifically, after the Fair Sentencing Act, the mandatory minimum for an offense involving at least 28 grams, but less than 280 grams of crack cocaine is subject to a 5-year mandatory minimum and a maximum of 40 years. See 21 U.S.C. § 841(b)(1)(B). And this minimum term would be doubled to 10 years by the enhancement pursuant to 21 U.S.C. § 851.
>
> 5. Additionally, today Mr. French's U.S. Sentencing Guideline range decreases from 151 to 188 months to 84 to 105 months (base offense level of 28 (U.S.S.G. § 2D1.1 for at least 196 grams, but less than 280 grams of crack cocaine) -3 for acceptance of responsibility and criminal history category IV), subject to the mandatory minimum of 120 months. Thus, the guideline imprisonment range becomes 120 months.
>
> 6. As of February 2019, Mr. French had served 193 months toward his federal sentence.
>
> 7. In light of the retroactive application of the First Step Act of 2018, the amended guideline range, and the time already incarcerated, Mr. French respectfully requests an Amended Judgment, reducing his term of imprisonment to time served to be followed by 8 years of supervised release.

(Doc. 173 ¶¶ 4-5.)

For the reasons set forth in Mr. French's Motion and without opposition from the United States, the court concludes that Mr. French Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute"). Mr. French has waived his right to be present for resentencing.

Therefore, defendant's Unopposed and Time Sensitive Motion for an Amended Judgment Pursuant to the First Step Act of 2018, (doc. 173), is **GRANTED**. The court in its discretion **REDUCES** defendant's term of imprisonment to the period of **TIME SERVED PLUS TEN (10) DAYS**. Defendant's term of supervised release shall be **REDUCED** to a period of **EIGHT (8) YEARS**. All other terms and conditions of the defendant's Judgment, (doc. 60), shall remain in full force and effect.

An Amended Judgment will be entered contemporaneously herewith.

**DONE** this 12th day of April, 2019.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE